UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW SINGLETARY,

                Plaintiff,

                v.

DON ALLEN, Erie County Sheriff Deputy,
MARCUS FEARS, Buffalo Police Officer,
JAMES WHITAKER, Buffalo Police Officer,
JOHN DOE 1, City of Buffalo Police Officer,
JOHN DOE 2-5, City of Buffalo C-District
Police Officers, and CITY OF BUFFALO,

                Defendants.
_____

**DECISION AND ORDER**

1:18-CV-01023 EAW



## **INTRODUCTION**

Plaintiff Matthew Singletary ("Plaintiff") commenced this action on September 17, 2018 against the City of Buffalo and named and unnamed Buffalo Police Officers (collectively, "Defendants"), alleging civil rights violations pursuant to 42 U.S.C. § 1983 and the New York Constitution, article I, § 12, as well as New York common law claims. (Dkt. 1).

Currently pending before the Court is the motion filed on behalf of defendant Don Allen ("Allen") to dismiss Plaintiff's second cause of action alleging a common law claim of battery, for failure to file a notice of claim pursuant to New York State General

- 1 -

Municipal Law § 50-e. (Dkt. 10). For the reasons set forth below, the Court grants Allen's motion.[1]

## BACKGROUND

### I. Factual Background

The following facts are taken from Plaintiff's Complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On June 18, 2017, at about 1:00 p.m., Plaintiff attended the "Juneteenth Festival" at Martin Luther King, Jr. Park in Buffalo, New York. (*Id.* at ¶ 13). Plaintiff was wearing a gray backpack and a black Canon camera bag. (*Id.*). Plaintiff, his girlfriend, and her children were watching the singer "Mahogany Jazz." (*Id.* at ¶ 14).

While Plaintiff was taking pictures of the performance, Allen and several Buffalo police officers drove near Plaintiff in a golf cart. (*Id.* at ¶¶ 15, 17). They then formed a single-file line and approached Plaintiff on foot. (*Id.* at ¶ 17). Allen requested that Plaintiff provide the backpack he was wearing. (*Id.* at ¶ 18). Plaintiff asked why they wanted his backpack, and in response Allen sprayed Plaintiff in the face and eyes with pepper spray before an unknown police officer ("Officer John Doe 1") slammed Plaintiff to the ground

---

[1] The Complaint asserts a battery claim against Allen in his capacity as a deputy Erie County Sheriff. (Dkt. 1 at ¶ 2). On today's date, Plaintiff filed a motion seeking leave to amend the Complaint to, among other things, assert the battery claim against Allen both in his capacity as a deputy sheriff and as a private individual. (*See* Dkt. 24-1 at ¶¶ 51-54). This Decision and Order addresses only the battery claim as it currently stands against Allen in his capacity as a deputy sheriff and does not opine on the viability of Plaintiff's request to assert a battery claim against Allen in another capacity.

at Allen's behest. (*Id.* at ¶¶ 19-20). An officer removed Plaintiff's backpack from his person, and Plaintiff was then lifted to his feet and handcuffed. (*Id.* at ¶¶ 21-22). Plaintiff screamed for water to wash the pepper spray out of his eyes, but no water was provided. (*Id.* at ¶ 23).

Police Officers Marcus Fears ("Fears") and James Whitaker ("Whitaker") arrived at the scene and placed Plaintiff in their police cruiser, transporting him to the Buffalo Police Station, C-District, located at 693 East Ferry, Buffalo, New York 14211. (*Id.* at ¶¶ 24-25). Plaintiff was brought into a room at the station where unknown police officers ("Officers John Doe 2-3") searched his bag and person. (*Id.* at ¶ 26). Plaintiff asked the police officers why they were doing this to him, but they did not answer. (*Id.* at ¶ 28). The police officers then left Plaintiff alone in the room for several minutes, and a different group of officers ("Officers John Doe 4-5") entered the room and searched Plaintiff a second time before again leaving him alone in the room. (*Id.* at ¶¶ 29-30).

Plaintiff's handcuffs were eventually removed, and he was allowed to use the water fountain in the hallway of the police station to flush out his eyes from the pepper spray. (*Id.* at ¶ 31). Plaintiff was permitted to exit the police station and was informed that an ambulance was coming to treat his injuries. (*Id.* at ¶ 33). After waiting for the ambulance for roughly 40 minutes, Plaintiff again flushed out his eyes. (*Id.* at ¶¶ 37-38). The next day he went to Buffalo General Hospital, where he was diagnosed with chemical conjunctivitis in his right eye and a trapezius muscle strain, and he continues to have issues with his back and shoulder. (*Id.* at ¶¶ 39-42). Plaintiff was never issued a citation or

charged with a crime, and the Buffalo Police Department made no record of Plaintiff's detainment. (*Id.* at ¶¶ 35-36).

## II. Procedural Background

Plaintiff commenced this action on September 17, 2018. (Dkt. 1). On April 15, 2019, the Court granted Plaintiff permission to proceed *in forma pauperis* and permitted Plaintiff's Complaint to proceed to service. (Dkt. 3).

On June 3, 2018, Allen filed the pending motion to dismiss Plaintiff's battery claim. (Dkt. 10). Plaintiff never filed a response to the pending motion to dismiss.

## DISCUSSION

## I. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. Notice of Claim

"[A]s a general rule, 'state notice-of-claim statutes apply to state-law claims' asserted as pendant claims in a federal action." *Yennard v. Herkimer BOCES*, 241 F. Supp. 3d 346, 366 n. 10 (N.D.N.Y. 2017) (quoting *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)). "Pursuant to New York General Municipal Law §50-e, a plaintiff who asserts a state law tort claim against a municipal entity or its employees for acts that occurred within the scope of their employment must file a notice of claim within ninety days after the incident giving rise to the claim." *Maier v. New York City Police Dept.*, No. 08-CV-5104 (ILG)(JO), 2009 WL 2915211, at *3 (E.D.N.Y. Sept. 1, 2009). "Notice of claim requirements are construed strictly by New York state courts. Failure to

comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).

In order to survive a motion to dismiss, a plaintiff "must plead that: (1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected to or refused to adjust or satisfy the claim." *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 251 (E.D.N.Y. 2013). "The plaintiff bears the burden of demonstrating compliance with the notice of claim requirement." *Chabot v. Cty. of Rockland, New York*, No. 18-CV-4109 (KMK), 2019 WL 3338319, at *9 (S.D.N.Y. July 25, 2019).

Here, Plaintiff has failed to allege that he met the notice of claim requirements to pursue a battery claim against Allen for alleged acts committed within the scope of his employment as an Erie County Sheriff's Deputy. Plaintiff alleges in his fourth cause of action against defendants other than Allen that he fulfilled the notice of claim requirements (Dkt. 1 at ¶ 69), but he makes no such allegations with respect to Allen. Moreover, having submitted no response to the pending motion to dismiss, Plaintiff has submitted no justification for the failure to file a notice of claim with respect to Allen. Accordingly, Plaintiff's second cause of action against Allen must be dismissed. *See Chabot*, 2019 WL 3338319, at *9 (state law claims dismissed where plaintiff did not allege he served a notice of claim upon defendants); *Lopez v. City of New York*, No. 15-CV-7292-ARR-SJB, 2018 WL 2744705, at *14 (E.D.N.Y. June 7, 2018) (plaintiffs' state claims fail because they "did not allege in their complaint that at least thirty days elapsed between when the notice

of claim was served and when they filed suit . . . While dismissal might seem like a harsh sanction for such a pleading omission, the statutory text is clear"); *Parent v. New York*, 786 F. Supp. 2d 516, 529 (N.D.N.Y. 2011) (plaintiff's state law claim dismissed where plaintiff did "not allege in his complaint that he filed a notice of claim . . . and that more than thirty days passed without resolution of the claim prior to filing the [instant] case").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 10) is granted, and Plaintiff's second cause of action asserting a battery claim against Allen in his capacity as a deputy sheriff is dismissed with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 26, 2019
Rochester, New York